891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton E. BOND, Plaintiff-Appellant,
v.
Jane SHAMS, Cabinet for Human Resources, Defendants-Appellees.
 No. 89-5575.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Bond appeals pro se from the district court's order dismissing this civil rights case. 42 U.S.C. § 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bond is a prisoner at the Luther Luckett Correctional Complex in LaGrange, Kentucky. The defendants are a social worker employed by the Kentucky Cabinet for Human Resources and the Cabinet itself. In his complaint, Bond alleged that the social worker lied at Bond's criminal trial, thereby violating his constitutional rights. Bond requested $3,000,000 in damages.
 
 
 3
 The social worker is absolutely immune from liability for damages for her testimony in the judicial proceedings. See Briscoe v. LaHue, 460 U.S. 325, 330-34 (1983). The Cabinet for Human Resources, as a branch of the state, is immune from damages under the eleventh amendment. Ky.Rev.Stat. § 194.010 (Baldwin 1988); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam). Therefore, Bond's case lacks an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 4
 The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.